

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 20, 2014

Jason M. Kalafat, Attorney
Price Benowitz LLP
409 7th Street, N. W.
Suite 200
Washington, D.C. 20004
Tel. 202-417-6000
Email: Jason.kalafat@gmail.com; Jason@priceBenowitz.com

CR-14-39(TFH)

Re: Venkata Srinivas Mannava, Pharmacist
Grand Jury Original Investigation, USAO 2011R01835, U.S. District Court for the District of
Columbia and USAO 2013R0158, U.S. District Court for the District of Maryland

Dear Mr. Kalafat:

This letter confirms the agreement between your client, Venkata Mannava, and the Offices of the
United States Attorney for the District of Columbia and for the District of Maryland (hereinafter also
referred to as "the Government," "the United States," or "this Office"). If your client accepts the terms
and conditions of this offer, please have your client sign this document in the space provided below.
Upon receipt of the signed document, this letter will become the plea agreement. The terms of the offer
are as follows:

Venkata Mannava's Obligations, Acknowledgments and Waivers:

1. (a)    Your client, Venkata Mannava, agrees to admit guilt and enter a plea of guilty to a
criminal information charging one count of participating in a conspiracy to obtain or acquire a
controlled substance, namely oxycodone, a schedule II controlled substance, by means of
prescription fraud, in violation of 21 U.S.C. §§ 843(a)(3) and 846 (Count One) and one count of
conspiracy to engage in health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349 (Count
Two). The offenses in Count One occurred from December, 2010 until October 31, 2011, and
the defendant's participation in the offense of count two occurred between November, 2011 and
December 31, 2012 while your client was employed during some of this time, as a pharmacist at
Pharmacare Discount Pharmacy, 651 Florida Ave. N.W., Washington, D.C. Count One is a class
E felony offense, 18 U.S.C. §3559(a)(5), which carries a possible penalty of a term of
imprisonment of not more than four years, a fine of not more than $250,000 under 18 U.S.C.

§3571(b)(3); and a period of supervised release of not more than one year, pursuant to 18 U.S.C. §3583(b)(3). Count Two is a Class C felony offense, 18 U.S.C. §§ 1347, and 1349, which carries a possible penalty of a term of imprisonment of not more than 10 years, a fine of not more than $250,000 and a period of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 per felony conviction (for a total of $200) to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. This assessment is required by 18 U.S.C. § 3013. Your client further understands that your client will be sentenced in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), and upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. §3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

Deportation

(b)  The Government believes that your client is a citizen of India and is lawfully in the United States of America pursuant to a visa. Your client understands that convictions for either or both of the offenses in paragraph one of this agreement are likely to result in his deportation and exclusion from the United States of America. Deportation consequences that may follow from convictions in this plea agreement, are decided by the immigration authorities and not by the United States District Court Judge assigned to preside over this case.

Disclosure to Licensing Authorities

(c)  Further, your client acknowledges that this conviction may lead to administrative actions involving the suspension or revocation of his pharmacist license(s) and/or his Drug Enforcement Administration Registration to dispense controlled substances. Your client understands and agrees that the Government will disclose this agreement and related pleadings, together with the evidence obtained in this investigation, including grand jury material, with any and all regulatory agencies regarding professional licensing. Your client consents to this disclosure.

Waiver of Venue as to Count Two

(d)  In the event that no overt act in Count Two occurred in the District of Columbia, your client waives any objection to venue in the District of Columbia, and consents to prosecution of count two in the United States District Court for the District of Columbia.

(f) Forfeiture Allegation

(i)  Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which he is pleading guilty. Specifically, your client agrees to the entry

2

of a forfeiture money judgment to be determined before sentencing in the amount of $2,500,000 but not more than $7,000,000.  The parties understand that the precise amount is still being calculated but will be in this range.  Your client will be jointly and severally liable with co-defendants in the forfeiture matter.

        (ii)  Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture.  Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing.  Your client agrees that this Order will become final as to your client when it is issued and will be a part of his sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

        (iii)  Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset.  Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any and all property, real or personal, constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation in Count One; (2) any of your client's property used, or intended to be used in any manner or part, to commit, or to facilitate the commission of, such violation; (3) any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the violation in Count Two; and (4) any substitute assets for property otherwise subject to forfeiture.  See 21 U.S.C. § 853; 18 U.S.C. § 982(a)(7).

        (iv)  Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes.  If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

        (v)  Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 2011, or in which your client has or had during that time any financial interest.  Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client.  Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years.  Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

3

(vi)  Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(vii)  This Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.  Your client understands that if this request is denied, your client will be liable to pay both the restitution and forfeiture judgments.  Your client understands that forfeiture and restitution are separate obligations and that the Court does not have the authority to offset them against each other.

Sentencing Guidelines Projection

2.  (a).  Although calculation and consideration of the sentencing guidelines is a required component of sentencing, 18 U.S.C. §3553(a)(4)(A), the sentencing guidelines are advisory only and no longer mandatory. The parties include here their projections as to the appropriate base offense level, criminal history category and eventual guideline range under the U.S.S.G. Manual. These are projections only and do not constitute material provisions of this agreement. The parties understand that ultimately, the Court will determine the guideline range under the Sentencing Guidelines and the Court has the discretion to decline to follow the recommended guideline range, whatever it is calculated to be.

(b)  The parties project the sentencing offense level and criminal history category as follows.  Counts One and Two do not group and a guideline level must be determined for both counts.

(i)  For Count One, under the United States Sentencing Guidelines Manual, (U.S.S.G.) § 2D2.2, your client will have a base offense level score of 8.  The parties project no adjustments for victim or role in the offense except that the defendant is expected to receive a two level adjustment for use of a special skill in the conspiracy, that is, he was a licensed pharmacist under the D.C. Board of Health, and was also licensed by the Drug Enforcement Administration to dispense controlled substances.  This would result in an adjusted base offense level of 10.

(ii)  For Count Two, under U.S.S.G. § 2B1.1, your client will have a base offense level of 6.  Because the fraud loss is projected to be between $2,500,000 and $7,000,000,  18 levels are added under U.S.S.G. § 2B1.1(b)(1)(K) and 3 additional levels are added under U.S.S.G. § 2B1.1(b)(8).   Because the defendant is accountable for a loss amount that greatly exceeds the defendant's personal gain from this fraud offense, and because the defendant is substantially less culpable than his employer, the government will agree to a 2 level decrease under U.S.S.G. § 3B1.2.  As with Count One, there is a two level increase for abuse of trust and use of a special skill.  Thus, the adjusted base offense level for Count Two is 27.

4

(c)  Based on the Multiple Count rules set forth at U.S.S.C. § 3D1.4, the final offense level will be based on the Court's determination of the adjusted offense level for Count Two. Since the adjusted offense level of count one is 9 or more levels less than the adjusted offense level for the offense in count two, there is no additional adjustment for multiple counts.

(d)  The parties are not aware of any criminal convictions and project a criminal history category of I.

(e)  Since defense counsel announced your client's intention to plead guilty before indictment, the Government expects to move for a two level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and notes that your client is eligible for a total of three (3) levels downward adjustment for early acceptance of responsibility.  Thus, under the U.S.S.G. § 3E1.1the parties project that your client will receive a three (3) level reduction for acceptance of responsibility resulting in an adjusted base offense level score of 24. This results in a projected sentencing guideline range of 51 -63 months.

(f)  Your client understands that the Government will inform the U.S. Probation Office that in its opinion, the real offense conduct for count one is drug distribution under 21 U.S.C. § 841(a)(1).  An upwards guidelines sentencing departure based upon the real offense conduct for Count One is allowable under Section 5K2.21 .  Although the Government's offer here is to a violation of 21 U.S.C. §843(a)(3), the real offense conduct involves your client's participation in a conspiracy to dispense and distribute controlled substances to wit, oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846 which if applied, would generate a base offense level of 36 under §2D1.l. This is based on the distribution of 145,000 pills of oxycodone which convert to less than 30,000 kg of marijuana (using the Sentencing Guidelines table) §2D1.1(2) and the drug equivalency table for oxycodone (actual) §2D1.1, Application Note 8 (D) (Schedule I or II opiates).  The real offense conduct is not captured in the guidelines for the offense charged as conspiracy to obtain controlled substances by prescription fraud, 21 U.S.C. §§843(a)(3) and 846. The government argues that this constitutes a guidelines sentencing anomaly which is inconsistent with the intent of the guidelines to calculate a guideline range based upon the real offense.  See Chapter 1, Part A, 4, U.S.S.G. Manual.  Further, §5K2.21 allows for an upward departure to reflect the seriousness of the actual offense committed.  The decision to grant the departure is committed to the discretion of the Court.  The Government however, will not move for the upwards departure under 5K2.21 if your client cooperates as contemplated herein (see in particular, paragraph 6).  Moreover, the defense does not agree to this enhancement and is expected to oppose the upward departure in any event.  Consequently, the defense is free to argue against its application.  At this time, the parties project that there will be no disputed guideline issues that will require testimony to resolve at sentencing.  The departure issue under §5K2.21, if it ever arises, is a legal issue and may be resolved by the Court on the basis of legal arguments and without the necessity of factual testimony.

(g)  Your client understands and acknowledges that the sentencing guideline projections apply only to conduct that occurred prior to the execution of this agreement.  Should your client commit any conduct after the date of this agreement that would form the basis for an

increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct committed while pending sentencing, and false statements to law enforcement agents, the probation officer or the Court), the Government is free under this agreement to seek an increase or other adjustment in the sentencing guidelines base offense level based on that post-agreement conduct.

3.   Your client acknowledges and agrees that the Government reserves its right to bring a civil or other action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

4.   The Government will not object to release of your client on personal recognizance pending sentencing. See, 18 U.S.C. § 3143. We will report that your client was cooperative before the plea. The parties acknowledge however, that the Court has the discretion to set whatever conditions of release it may deem appropriate, including detention pending sentencing.

Restitution

5.   The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses for count two, which is still being calculated but which is projected to be between $2.5 million but not more than $7.0 million. In any event, the Government agrees that it will not ask for restitution for your client of more than $7.0 million. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

Cooperation

6.   Your client agrees to cooperate with the Government under the following terms and conditions:

(a)   Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examination(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed

6

by this Office and other federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his/her obligations under this agreement.

(b) Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

(c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d) Your client shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia, Maryland, and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(e) Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty nor relieve your client of his/her obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

7. Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia with recommendations accepted from the United States Attorneys Office for Maryland, and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure the Court has no authority to grant a downward departure, either under Section 5K1.1 of the Sentencing Guidelines or under 18 U.S.C. § 3553(e). In any event, your client specifically

agrees not to seek a downward departure without Government motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) who has committed a federal, state, local or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his/her obligations under this agreement.

8. Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

Waiver of Rights in Connection with Guilty Plea

9.     (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

Miscellaneous Provisions

10. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (e), and upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial

assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. §3553(e) and/or Section 5K1.1 of the Sentencing Guidelines.

11. Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

12. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

13. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

14. Your client further agrees to waive all rights, claims or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conference(s) or court proceeding(s) during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

15. Your client understands and agrees that if your client should fail to specifically perform and to fulfill fully and completely each and every one of your client's obligations under this plea agreement, then: (a) the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to

9

Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e); (b) your client will not be allowed to withdraw your client's guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; (d) no motion for downward departure will be filed or sought and your client will be sentenced upon consideration of the applicable Sentencing Guidelines range; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

16. The Government will not prosecute your client for any other acts or conduct committed which are part of the transaction that is the subject of the guilty plea in paragraph one of this agreement.

17. This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

18. This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.

19. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

20. The Government and your client agree, under Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

10

21. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her plea of guilty in this case.

22. After the entry of your client's plea of guilty to the offenses identified in paragraph number one above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement. Your client acknowledges that he has not been engaged in any unprosecuted or unarrested crime of violence prior to the execution of this agreement which is not already recorded in his prior criminal record.

23. The United States agrees, subject to the reservations in the remainder of this paragraph, that so long as your client does not move to withdraw your client's plea of guilty and is in full compliance with each and every provision of this agreement, the United States will not use against your client, directly or indirectly, in any criminal or in any civil proceeding, any of the information or materials provided to the United States by your client during the course of your client's cooperation pursuant to this agreement or during the course of any debriefing conducted in anticipation of this agreement. However, the United States expressly reserves its right to use self-incriminating information provided by your client at the sentencing in this case, if such use has otherwise been reserved in this agreement. Moreover, the United States also expressly reserves its right to use against your client in any criminal or civil proceeding, directly or indirectly, any information and materials provided by your client, during the course of your client's cooperation, concerning crimes of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501.

24. In the event that your client is sentenced to incarceration, and the fact of his cooperation presents a threat to his safety, the Government will seek to place him in a Bureau of Prisons Witness Security Unit. In addition, before and after sentencing, the Government will address any safety concerns which might arise because of your client's decision to cooperate, to include temporary or semi-permanent relocation of your client and his immediate family.

General Conditions

25. It is further agreed that the United States and your client may request the Court to place under seal this plea agreement and other relevant proceedings and documents entered into the record in this matter. The parties do not expect that this matter will be placed under seal, as

disclosure of your client's cooperation will be necessary in further prosecutions. Both parties further agree that if the record is sealed in this matter, it shall remain under seal, subject to Court approval, until your client is sentenced or such other time as the Court might direct in response to a motion made by the United States.

26. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

27. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

27. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

RONALD C. MACHEN JR.
D.C. Bar No. 447-889
UNITED STATES ATTORNEY

John P. Dominguez
Assistant United States Attorney
D.C. Bar No. 959809
Organized Crime and Narcotics Section
555 4th Street, N.W. #4205
Washington, D.C. 20001
(202) 252-7684; Fax: 514-8707
E-mail: John.Dominguez@usdoj.gov

And

12

_____
Rod J. Rosenstein
United States Attorney
for the District of Maryland

_Sandra Wilkinson_
_____
Sandra Wilkinson
Assistant United States Attorney
for the District of Maryland

_Catherine Pascale_
_____
Catherine Pascale
Special Assistant U.S. Attorney
United States Attorney's Office

for the District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
410-209-4800

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty.

Date:  2-24-2014

_____
Jason M. Kalafat, Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney.  I fully understand this agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

13

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.  I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/24/14

Venkata Mannava,
Defendant